2016 UT App 178

## THE UTAH COURT OF APPEALS

PC RIVERVIEW LLC,
Appellant,
*v.*
XIAO-YAN CAO,
Appellee.

Memorandum Decision
No. 20150479-CA
Filed August 25, 2016

Third District Court, Salt Lake Department
The Honorable Katie Bernards-Goodman
No. 149902947

Carl E. Kingston, Attorney for Appellant

Russell T. Monahan, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES MICHELE M. CHRISTIANSEN and KATE A. TOOMEY
concurred.

ORME, Judge:

¶1     Appellant PC Riverview LLC appeals the district court's judgment concluding that the guarantor of a lease, Appellee Xiao-Yan Cao, was not liable for amounts owed to Riverview on the lease. We reverse.

¶2     This case arises out of a dispute over unpaid rent for premises in a strip mall (the Property). Cao's business was a tenant under a lease that it later assigned to another tenant (Tenant) in 2006. To secure the owner's approval of the lease assignment, Cao personally guaranteed Tenant's obligations under the lease, in an agreement entered into among Tenant, Cao, and the owner. The agreement provided, in part, as follows:

> Assignor and Guarantor agree to and shall remain obligated to Landlord for the full performance of all covenants, conditions and obligations and duties required of Tenant under said Lease and shall not be relieved of any performance of obligation thereunder as the result of this assignment.

¶3   Some time later, Riverview purchased the strip mall of which the Property was a part. The purchase was subject to existing leases, including Tenant's lease. In May 2010, Riverview sued Tenant and Cao for payment of past due rent exceeding $22,000.00. Riverview and Tenant negotiated an agreement (the Workout) that would resolve the lawsuit by extending Tenant's time to pay the delinquent rent.[1] Cao was not a party to those negotiations, and when Riverview asked her to stipulate to dismissal of the action, Cao refused, claiming that the Workout rescinded her obligations as the guarantor of the lease.[2] The district court eventually dismissed the action, without prejudice, for failure to prosecute.

---

1. According to counsel at oral argument, Tenant actually owed common area maintenance fees, not past due rent in the colloquial sense. But because the parties refer to the then-outstanding debt as "rent" in their briefs and because the exact nature of the amount owed pursuant to the lease is not relevant to our disposition, we refer to the 2010 lawsuit and the Workout as regarding rent.

2. Cao characterizes the Workout as "[t]he restructuring of lease payments." But as she acknowledges, the only change it effected was the extension of time to make payments, and the district court characterized the Workout as an extension of time to pay acknowledged debts.

¶4     Thereafter, Tenant continued to make all payments due under the lease and the Workout until shortly before the expiration of the lease, and he occupied the Property until the lease term ended on September 30, 2013. He failed, however, to pay the last month's rent and a portion of the previous month's rent. Riverview again sued Tenant and Cao for payment of the past due rent. The district court determined that Tenant owed Riverview $7,326.55 in unpaid rent, $1,208.88 in prejudgment interest, $117.00 in costs, and $1,400 in attorney fees. The court also determined that the Workout constituted a material modification of the lease, thus relieving Cao of her obligations as guarantor. Therefore, the court concluded, "Cao is not liable for the judgment obtained by Plaintiff P.C. Riverview, LLC against [Tenant]."

¶5     The rights and obligations of a guarantor are often defined in the terms of the guaranty. 38 Am. Jur. 2d *Guaranty* § 53 (2016) ("[T]he terms and provisions of a guaranty should generally be construed according to the intention of the parties in view of the surrounding circumstances. . . . [T]he parties' intent is defined by the written terms of the guaranty."). *See also Seftel v. Capital City Bank*, 767 P.2d 941, 947 (Utah Ct. App. 1989) (concluding that guarantors waived their right to a common law defense by the "express terms of the original guaranties"). But absent express terms to the contrary, "[t]he basic rights and duties of parties under a guaranty are governed by common law." 38 Am. Jur. 2d *Guaranty* § 53 (2016). Here, the guaranty agreement contained no provisions spelling out particular rights in favor of Cao, such as a right to notice or a bar on extensions or modifications absent her consent. Thus, we apply the common law.[3]

---

3. "Where [the parties'] intention may be gathered from the four corners of the instrument, interpretation of the guaranty is a question of law." 38 Am. Jur. 2d *Guaranty* § 53 (2016). Likewise,

(continued…)

¶6    According to the Restatement, as a general rule a guarantor is relieved of her obligations "[i]f the principal obligor and the obligee agree to a modification." Restatement (Third) of Suretyship & Guaranty § 41 (Am. Law Inst. 1996). But the Restatement specifically excludes "an extension of time" from the modifications that would discharge a guarantor. *Id.* We embraced that exception in *DiMeo v. Nupetco Associates*, 2013 UT App 188, 309 P.3d 251, stating that time extensions are "minor alterations [and] are not of the nature or degree that would trigger a discharge of [guarantor's] pledge of security under suretyship law." *Id.* ¶ 9 n.2.

¶7    Here, Cao was not relieved of her obligations as guarantor because the Workout was the sole modification to the original lease, and the Workout only modified the timing of Tenant's payments by extending the time in which past due rent could be paid. *See supra* note 2. Furthermore, the Workout caused Cao no harm. Indeed, it actually benefitted her. She was "obligated to Landlord for the full performance of all . . . duties required of Tenant under said Lease," which included paying the remaining unpaid rent. Without the Workout, she would have been liable for at least $22,000 in past due rent as well as the rents coming due for the balance of the lease term. Instead, because of the Workout, Tenant satisfied the bulk of that obligation, correspondingly reducing Cao's liability.

¶8    Because the Workout only extended the time for Tenant to pay past due rent, it was not a material modification of the

---

(…continued)
application of the common law presents a question of law. *Associated Gen. Contractors v. Board of Oil, Gas & Mining*, 2001 UT 112, ¶ 18, 38 P.3d 291. "We review questions of law for correctness[.]" *Utah Chapter of the Sierra Club v. Utah Air Quality Board*, 2006 UT 74, ¶ 9, 148 P.3d 960.

original agreement. As a result, Cao's obligations as guarantor were not discharged. Therefore, we reverse the judgment in favor of Cao and remand the case to the district court for the entry of an appropriate judgment against Cao.[4]

———————

4. The basic amount of that judgment will be the same as the judgment entered against Tenant. Riverview has requested and is also entitled to an award of costs and attorney fees reasonably incurred in this appeal, in accordance with the terms of the agreement entered into among Tenant, Cao, and the prior owner: "In the event of default under any of the terms of this Agreement or the Lease, defaulting party agrees to pay all costs incurred in enforcing this Agreement or the Lease or any right arising ou[t] of the breach of either, and including reasonable attorney's fees." On remand, the amount of that award will be determined by the trial court.